PER CURIAM.
Appellant was convicted of trafficking in cocaine, and his conviction and sentence were affirmed in Prince v. State, 523 So.2d 589 (Fla. 4th DCA 1988). When appellant appealed the denial of his sixth unsuccessful motion for post-conviction relief, this court affirmed, noting that appellant has raised the same challenge to his sentence in his direct appeal as well as five prior *1005 appeals from the denial of post-conviction motions. We ordered him not to file any more pro se petitions or appeals raising an issue that has been previously resolved in one of his prior appeals to this court and warned him that he would face sanctions if he violated that order. Prince v. State, 719 So.2d 346 (Fla. 4th DCA 1998), rev. denied, 732 So.2d 328 (Fla.1999).
Appellant has now filed his seventh pro se post-conviction motion under rule 3.850 raising the same sentencing issue he has previously raised, which the trial court has denied as being repetitive and without merit. We issued an order to show cause as to why appellant should not be sanctioned, and appellant’s response fails to show good cause.
Because appellant has abused the judicial process by filing successive post-conviction motions raising the same sentencing issues, he is hereby required to first seek leave of this court before filing a notice of appeal or petition from any order denying a motion or. petition which challenges his current sentence. In seeking leave to appeal, appellant must demonstrate that the issue on appeal has not been raised in a prior proceeding in this court. Failure to seek leave to file will result in the refusal by this court to accept the notice of appeal or petition for filing.
STONE, KLEIN and GROSS, JJ., concur.